**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50497
Summary Calender

_____


PAUL W. KOLM,

Plaintiff,

ORLINE KOLM,

Plaintiff-Appellant,

VERSUS

AETNA LIFE INSURANCE CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
SA-95-CV-325

_____
February 24, 1997


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Orline Kolm appeals the dismissal of her state law claims arising out of an insurance policy. Concluding that the claims are preempted, we affirm.


I.

Paul and Orline Kolm collectively owned forty-nine percent of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ChemWeed of San Antonio, Inc. ("ChemWeed"), and were the sole owners of ChemWeed's affiliate, Texas Chemical Weed Control, Inc. ("TCWC"). ChemWeed purchased an insurance policy from Aetna Life Insurance Company ("Aetna") that was available to all full-time ChemWeed and TCWC employees. ChemWeed was responsible for paying the premiums but had little other involvement in the policy.

In March 1993, Paul Kolm was hospitalized for a life-threatening illness. Pursuant to the insurance policy, Aetna paid for this care. On May 17, 1993, Aetna determined, over the objections of Paul Kolm's doctor, that he no longer required hospitalization, so he was discharged and returned home.

The next day, he struck his head while trying to get out of bed. From this accident, he suffered an acute subdural hematoma that required two surgeries. Afterwards, he suffered from a seizure disorder, postoperative infection, and impairment of language and cognitive skills.

The Kolms filed suit against Aetna in state court, alleging breach of contract, breach of the duty of good faith and fair dealing, negligence, and violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Aetna removed the case to federal court on the grounds of federal question and diversity jurisdiction.

The district court denied a motion to remand. Orline Kolm then was substituted for Paul Kolm, who had died. After Orline Kolm sought to file an amended complaint, the court dismissed all of her state law claims as preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA").  The district court dismissed two of her ERISA claims[1] but allowed her to proceed with a claim for benefits and failure to provide plan information.

Aetna and Orline Kolm agreed to a dismissal with prejudice of the remaining claims.  She appeals, challenging the failure to remand and the dismissal.

II.

The district court found two distinct grounds for its own subject matter jurisdiction§§federal question jurisdiction, *see* 28 U.S.C. § 1331, and diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1).  Orline Kolm argues that the district court erred in both rulings and had no jurisdiction.

It is undisputed that there is complete diversity of citizenship.  Thus, the only question is whether "the matter in controversy exceeds the sum or value of $50,000 . . . ."[2]  28 U.S.C. § 1332(a).  When, as here, the state court petition does not specify an amount of damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $50,000.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

_____

[1] Orline Kolm does not appeal this part of the district court's ruling.

[2] The Federal Courts Improvement Act of 1996, § 205, Pub. L. No. 104-317, 110 Stat. 3847, 3850 (1996) (to be codified at 28 U.S.C. § 1332), raised the amount in controversy requirement to $75,000.  Increases in the requirement, of course, do not apply to cases removed before the effective date.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1483 n.1 (5th Cir. 1990); *Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 399 n.1 (5th Cir. 1989).

3

The first step is to determine whether "it is facially apparent that the claims are likely above $50,000." *Id.* This determination is made by looking solely at the complaint and hence is reviewed *de novo*. *See id.* at 1336.

Based on the above-described facts, as set forth in the complaint, Paul Kolm sued for past and present "physical pain and mental anguish, physical impairment, cosmetic disfigurement and loss of earning capacity." Under these facts, it is more likely than not that the claim was for more than $50,000, and plaintiffs did not introduce any evidence to the contrary. Therefore, the amount in controversy satisfies the jurisdictional requirement.[3]

## III.

### A.

*The court dismissed plaintiffs' state law claims on the ground that they were preempted by the ERISA.* *See* 29 U.S.C. § 1144(a) (stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). In doing so, the court considered evidence outside the pleadings, so we treat the ruling as a grant of summary judgment. *See* FED. R. CIV. P. 12(b).[4]

---

[3] Because we affirm the finding of jurisdiction on the face of the complaint, we do not address the parties' contentions regarding the district court's handling of the affidavits filed by Aetna. Similarly, we do not decide whether federal question jurisdiction exists. Finally, because we conclude that removal was proper, we reject Orline Kolm's claims for attorneys' fees under 28 U.S.C. § 1447(c).

[4] Aetna argues that Orline Kolm has waived her appeal of this ruling by not
(continued...)

4

*We review a summary judgment de novo.  See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

We begin by consulting the applicable substantive law to determine what facts and issues are material.  *See King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992).  We then review the evidence relating to those issues, viewing the facts and inferences in the light most favorable to the non-movant.  *See id.*  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *See Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.), *cert. denied*, 115 S. Ct. 639 (1994).


B.

Orline Kolm argues that the insurance policy was not part of an employee welfare benefit plan (an "EWBP"), and thus the claims did not relate to an EWBP.  In determining the existence of an EWBP, we ask whether a plan (1) exists, (2) falls outside the safe harbor provision, and (3) was established or maintained by an

---

(...continued)
addressing it in her brief.  Considering that Orline Kolm dedicated more than half her brief to this issue and that Aetna ably responded to each of her arguments, we find this contention meritless.

5

employer intending to benefit employees. *See Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). Orline Kolm admits that the first and second prongs are met.

The policy in question was part of a multiple employer trust ("MET"). The fact that a policy was purchased through a MET, by itself, is insufficient to support a finding that it is an EWBP. *See MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 185-86 (5th Cir.), *cert. denied*, 506 U.S. 861 (1992). Instead, we must consider whether the employer's subscription to the MET constitutes an EWBP. *See McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1267 (1996).

An employer maintains a plan when (1) he "is solely responsible under the policy for submitting monthly premiums directly . . . by the premium due dates"; (2) the plan is available to all full-time employees; and (3) an employer-employee relationship exists. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 242-43 (5th Cir. 1990); *see Kidder v. H & B Marine, Inc.*, 932 F.2d 347, 352-53 (5th Cir. 1991) (per curiam) (confirming this holding). It is undisputed that ChemWeed was solely responsible for premium payments, that the insurance was available to all full-time employees, and that an employer-employee relationship existed, at the very least, between Paul Ramos, who was covered by the insurance policy, and ChemWeed. The possibility that the plan covers self-employed individuals in addition to employees does not affect its status as an EWBP. *See Meredith*, 980

6

F.2d at 357 (adopting 29 C.F.R. § 2510.3-3(b) (1992)).

Orline Kolm does not appear to contest that the plan was intended to benefit ChemWeed's employees. Such a contention would be fruitless, as ChemWeed could not have had any other intention in establishing a plan that paid for insurance coverage for its employees. Thus, no genuine issue of material fact exists concerning whether the ChemWeed insurance policy was an EWBP.

### C.

When an EWBP exists, a state law cause of action is preempted by ERISA if it (1) addresses an area of exclusive federal concern or (2) directly affects the relationship between an employer and participants or beneficiaries. *See Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 176 (5th Cir.) (quoting *Memorial Hosp.*, 904 F.2d at 245), *cert. denied*, 114 S. Ct. 2137 (1994). A claim is not preempted under the second prong unless the plaintiff is a participant or a beneficiary. *See id.* To be a participant, a plaintiff must be an employee. *See id*. The district court found Paul Kolm was an employee of ChemWeed, and Orline Kolm contests this finding.

Orline Kolm argues that Paul Kolm was an owner, not an employee. We use the common-law test to determine employee status, considering a range of disparate factors, from the hiring party's discretion on when the hired party works to the tax treatment of the hired party. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-25 (1992).

In this regard, Aetna produced evidence that (1) Paul Kolm held himself out as an employee of ChemWeed; (2) Aetna characterized him as an employee in a list of covered employees, and ChemWeed did not object; and (3) Paul Kolm, though he filed three affidavits with the district court, never denied being an employee. Plaintiffs, on the other hand, did not introduce any evidence that Paul Kolm was not an employee of ChemWeed. Because all the evidence suggests that he was an employee, no genuine issue of material fact exists regarding this question.

Orline Kolm also points to the fact that she and her husband were sole owners of TCWC, which was covered by the ChemWeed plan. The insurance policy, however, was secured by ChemWeed, the premiums were paid by it, and Paul Kolm listed it as the relevant employer and policy owner when he was admitted to the hospital. The district court found that the mere fact that ChemWeed's plan covered individuals who were employed by an affiliated company does not change the plan's nature or the relevant employer. We agree.[5]

*AFFIRMED.*

---

[5] Because we find that Paul Kolm was an employee of ChemWeed and a participant of the ChemWeed plan, we do not reach the question of whether he was a beneficiary.